Anthony L. Label (SBN 205920)
a.label@veenfirm.com
Steven A. Kronenberg (SBN 215541)
s.kronenberg@veenfirm.com
Jacqueline K Oh (SBN 286089)
j.oh@veenfirm.com
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, California 94102
Telephone: (415) 673-4800
Facsimile: (415) 771-5845

Brian D. Chase (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan (SBN 211258)
jbeligan@bisnarchase.com
**BISNAR | CHASE LLP**
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JAVIER MAURICO, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>KIA MOTORS AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>      Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br><br>**DEMAND FOR JURY TRIAL** |

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

**CLASS ACTION COMPLAINT**

Plaintiff James Javier Maurico ("Plaintiff"), individually, and on behalf of all others similarly situated, hereby complains against Defendant Kia Motors America, Inc. ("Kia") and DOES 1 through 50 ("Defendants") and alleges as follows:

## INTRODUCTION AND FACTUAL ALLEGATIONS

1.      This is a class action brought by Plaintiff, on behalf of himself and other similarly situated persons, against Defendants. Plaintiff seeks damages and equitable remedies for himself and the Class (defined in paragraph ¶ 18 below).

2.      This case involves Kia's Soul SK3 models (which, on information and belief, span from model years 2020 to 2021) (the "Kia Soul" or "Class Vehicles") that are equipped with a 60/40-split folding rear bench seat. Defendants' market and promote the Kia Soul as a "marvel of adaptability":



3.      Defendants' marketing materials also represent that the Kia Soul's split-folding rear seat allows vehicle owners to "fit your friends and their luggage."

4.      Unfortunately, Defendants' representations were too clever by half. When the driver's side of the split rear seat is folded down, no seat belt is accessible for the passenger-side rear seat passenger (the "Rear Seat Belt Inaccessibility Defect"):

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-1-
CLASS ACTION COMPLAINT




5.     Defendants never disclosed this defect to buyers or lessors before they bought or leased the Class Vehicles. Reasonable buyers and lessors would not have discovered this defect before buying or leasing the vehicle. The Rear Seat Belt Inaccessibility Defect is only apparent when one folds down the driver's side of the split folding rear seat.

6.     Defendants warrants that each Kia Soul they manufacture, distribute and sells is free from defects in material, workmanship, or factory preparation, representing that such warranty is "best in class" and provides "peace of mind you can trust":

## Peace of Mind You Can Trust.



**KBB Ratings & Reviews**
What do independent experts and real-life Soul owners have to say?



**Best-in-Class Warranty**
Our industry leading Kia 10-year/100,000-mile warranty covers you with quality and confidence.



**#1 Brand in Initial Quality**
Kia is the #1 Ranked Brand, Mass Market, 6 Years in a Row.¹
Learn More ›

7.     Although this defect occurred at the time of manufacture (*i.e.*, within the warranty period), Defendants have refused to repair or remedy the Rear Seat Belt Inaccessibility Defect. Plaintiff and members of the Class have requested Defendants to repair their vehicles, but Defendants have not or cannot repair the defect. Defendants have also failed to recall the Kia Soul to address the defect, alter its manufacturing

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-2-

**CLASS ACTION COMPLAINT**

processes and/or materials, or refund any costs, damages or loss of use that Plaintiff and members of the Class have incurred as a result of the Rear Seat Belt Inaccessibility Defect.

8.    The Rear Seat Belt Inaccessibility Defect also poses a substantial safety hazard because a passenger in the back has no access to the seat belt when the driver's side of the split rear seat is folded down. Thus, the passenger is exposed to a serious risk of injury or death if the Kia Soul is involved in a car accident.

9.    Plaintiff brings this class action to remedy Defendants' ongoing unfair business practices and to compensate Class members for the costs and damages caused by the Rear Seat Belt Inaccessibility Defect.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more Class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity, because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the unlawful practices are alleged to have been committed in this District, and Defendant regularly conducts business in this District.

## PARTIES

12.    Plaintiff is a citizen and resident of California. Plaintiff purchased a 2020 Kia Soul.

13.    Kia is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California. Kia is registered to conduct business in California and has dealerships throughout the state, including several in San Francisco County.

14.    Defendants DOES 1 through 50 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sues them by such

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-3-

**CLASS ACTION COMPLAINT**

1  fictitious names. Plaintiff is informed and believes and on that basis alleges that each of

2  the fictitiously named defendants perpetrated some or all of the wrongful acts alleged

3  herein, is responsible in some manner for the matters alleged herein, and is jointly and

4  severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to

5  state the true names and capacities of such fictitiously named defendants when

6  ascertained.

7      15.    At all times mentioned herein, each named defendant and each DOE

8  defendant was the agent or employee of each of the other Defendants and was acting

9  within the course and scope of such agency or employment and/or with the knowledge,

10  authority, ratification and consent of the other Defendants. Each defendant is jointly and

11  severally liable to Plaintiff and to the members of the proposed Class.

12                **TOLLING OF THE STATUTE OF LIMITATIONS**

13      16.    Kia had exclusive knowledge of the defective nature of the Kia Soul, and

14  knew that the defect was not known or reasonably discoverable by Plaintiff or Class

15  members without experiencing the defect firsthand (and thus exposing their passengers

16  to an unreasonable safety hazard). Only Defendants had access to information about the

17  design and manufacture of the Class Vehicles and significant risks associated with driving

18  without sufficient rear seat belt accessibility.

19      17.    The Kia Soul Rear Seat Belt Inaccessibility Defect cannot be detected until

20  the rear split-seat is folded down. Accordingly, Plaintiff and Class members were not

21  reasonably able to discover the problem until after purchasing or leasing the Kia Souls,

22  despite their exercise of due diligence.

23                       **CLASS ALLEGATIONS**

24      18.    Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil

25  Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated

26  as members of the proposed Class. This action satisfies the numerosity, commonality,

27  typicality, adequacy, predominance, and superiority requirements of those provisions.

28      19.    The Class is defined as all persons in the United States who purchased or

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-4-
**CLASS ACTION COMPLAINT**

1   leased any of the Class Vehicles.

2        20.    Excluded from the Class are Defendants, their employees, co-conspirators,

3   officers, directors, legal representatives, heirs, successors and wholly or partly owned

4   subsidiaries or affiliated companies; class counsel and their employees; and the judicial

5   officers and their immediate family members and associated court staff assigned to this

6   case. Also excluded are any individuals claiming damages from personal injuries arising

7   from the Rear Seat Belt Inaccessibility Defect.

8        21.    Pursuant to Rule 23(a)(1), the Class is so numerous that joinder of all

9   members is impracticable. Due to the nature of the trade and commerce involved, the

10   members of the Class are geographically dispersed throughout the country and joinder of

11   all class members would be impracticable. While the exact number of Class members is

12   unknown to Plaintiff at this time, Plaintiff believes there are at least 10,000 members in

13   the Class.

14        22.    Pursuant to Rule 23(a)(3), Plaintiff's claims are typical of the claims of the

15   other members of the Class. Plaintiffs and other Class members all own or lease a Kia

16   Soul that contains the Rear Seat Belt Inaccessibility Defect. Kia's policies concerning

17   repair of the Rear Seat Belt Inaccessibility Defect applied uniformly to all members of the

18   Class. Plaintiffs and Class members purchased or leased the Kia Souls with the reasonable

19   expectation that Defendants would abide by their express and implied warranties.

20   Plaintiffs and the members of the Class have all sustained injury in that the rear seats in

21   their Kia Souls do not operate as intended; they are required to pay additional sums to

22   rectify the Rear Seat Belt Inaccessibility Defect; they have lost the use of some of the

23   vehicle's functionality, and the value of the Kia Souls have decreased due to Defendants'

24   wrongful conduct.

25        23.    Pursuant to Rule 23(a)(4) and (g)(1), Plaintiff will fairly and adequately

26   represent and protect the interests of the members of the Class. Plaintiff is a member of

27   the Class and does not have any conflict of interest with other Class members. Plaintiff

28   has retained and is represented by competent counsel who are experienced in complex

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-5-

CLASS ACTION COMPLAINT

class action litigation, including automobile warranty and consumer class actions such as the present action.

24.     Pursuant to Rule 23(b)(2), Kia has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. In particular, Kia has failed to properly replace, repair or rectify the Rear Seat Belt Inaccessibility Defect.

25.     Pursuant to Rules 23(a)(2) and (b)(3), common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members thereof. Among the common questions of law and fact are as follows:

   a.   Whether Defendants had knowledge of the Rear Seat Belt Inaccessibility Defect prior to selling the Class Vehicles to Plaintiff and Class members;

   b.   Whether Defendants concealed the Rear Seat Belt Inaccessibility Defect to Plaintiff and Class members;

   c.   Whether the Rear Seat Belt Inaccessibility Defect is a material fact Plaintiff and Class members would have attached importance to when making the decision to purchase or lease the Class Vehicles;

   d.   Whether Defendants made false and misleading statements, which Plaintiff and Class members relied upon, to entice them to purchase or lease the Class Vehicles;

   e.   Whether Defendants misrepresented the value and capabilities of the Class Vehicles;

   f.   Whether Defendants misrepresented the purpose and effect of the 60/40 rear seat function;

   g.   Whether Defendants' material misrepresentations and omissions regarding the Rear Seat Belt Inaccessibility Defect were likely to deceive Plaintiff and Class members;

   h.   Whether Defendants' business practices, including the manufacture,

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-6-
CLASS ACTION COMPLAINT

distribution and sale of the Class Vehicles with the Rear Seat Belt Inaccessibility Defect which Defendants have failed to adequately investigate, disclose and remedy, offend establish public policy and cause harm to consumers that greatly outweighs any benefits associated with those practices;

i.      Whether Defendants' conduct in marketing, selling, and leasing the Class Vehicles constitutes violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*;

j.      Whether Defendants breached their express warranties regarding the Rear Seat Belt Inaccessibility Defect;

k.      Whether Defendants breached the implied warranty of merchantability as a result of the Rear Seat Belt Inaccessibility Defect;

l.      Whether Plaintiff and Class members are entitled to damages, restitution, restitutionary disgorgement, equitable relief, and/or other relief; and

m.      The amount and nature of such relief to be award to Plaintiff and the Class.

26.     Pursuant to Rule 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

///

///

///

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-7-
CLASS ACTION COMPLAINT

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

## CAL. COM. CODE § 2313

## (ON BEHALF OF PLAINTIFF AND THE CLASS AGAINST DEFENDANTS)

27.     Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

28.     This claim is brought by Plaintiff on behalf of himself and the Class against Defendants.

29.     Kia is and was at all relevant times a manufacturer, distributor and seller of the Class Vehicles and there a merchant with respect to motor vehicles. *See* Cal. Com. Code § 2104.

30.     Pursuant to Cal. Com. Code § 2313, "[e]xpress warranties by the seller are created [by] … [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods[.]" The affirmation of fact or promise "becomes part of the basis of the bargain [and] creates an express warranty that the goods shall conform to the affirmation or promise." *Id.*

31.     Kia supplied an express warranty to Plaintiff and Class members who purchased or leased its Kia Souls.

32.     Kia breached the express warranty by refusing to repair, replace or otherwise rectify the Rear Seat Belt Inaccessibility Defect.

33.     Based on the facts alleged herein, any limitations in duration and/or remedies contained in the express warranty are unconscionable, unenforceable and/or should be tolled. A gross disparity in bargaining power exists between Kia, on one hand, and Plaintiff and Class members, on the other. Neither Plaintiff nor Class members were in a position to negotiate the terms and conditions of the express warranty—it was a take it or leave it scenario. Kia knew prior to the distribution and sale of the Class Vehicles that they contained the Rear Seat Belt Inaccessibility Defect. Despite this knowledge, Kia

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-8-

CLASS ACTION COMPLAINT

concealed this material fact from consumers and made misleading partial representations regarding the scope of its express warranty. Plaintiff and Class members were therefore ill-informed when making their decision to purchase or lease the Class Vehicles or whether they should pay the retail price for the Class Vehicles. Had Toyota disclosed the Rear Seat Belt Inaccessibility Defect to Plaintiff and Class members, it would have materially affected their decision to buy or lease the Class Vehicles or how much they should pay for the Class Vehicles with the defect. In addition, neither Plaintiff nor Class members had access to Kia's internal documents including, but not limited to, consumer and dealership complaints relating to the defect, design and material specifications, and pre-sale reports and investigations into the defect. Therefore, in order to make Plaintiff and Class members whole, any limitation on duration or remedies should be deemed unconscionable, unenforceable and/or tolled.

34.     As a direct and proximate result of Kia's breach of its express warranty, Plaintiff and Class members sustained injuries and damages and are entitled to legal and equitable relief against Defendants, including economic damages, rescission or other relief as appropriate.

35.     WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

## CAL. COM. CODE § 2314

## (ON BEHALF OF PLAINTIFF AND THE CLASS AGAINST DEFENDANTS)

36.     Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

37.     This claim is brought by Plaintiff on behalf of himself and the Class against Defendants.

38.     Kia manufactured, distributed and sold the Class Vehicles throughout its chain of authorized dealerships in the continental United States and is therefore, at all relevant times, a merchant with respect to motor vehicles. *See* Cal. Com. Code § 2104.

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-9-

CLASS ACTION COMPLAINT

39.     Pursuant to Cal. Com. Code § 2314, a warranty that the Class Vehicles are in merchantable condition is implied by operation of law.

40.     The Class Vehicles, when sold or leased and at all times thereafter, were not merchantable and not fit for the ordinary purpose for which cars are used because the Class Vehicles contain the Rear Seat Belt Inaccessibility Defect which, as alleged above, expose rear seat passengers to potentially severe bodily injury if the Class Vehicles are involved in an accident.

41.     Plaintiff and Class members are entitled to assert this breach of implied warranty claim because they are third-party beneficiaries to the sales contract between Kia and the authorized dealers from which Plaintiff and Class members purchased or leased their Class Vehicles. Plaintiff and Class members have more than incidentally benefitted from the sales contract between Kia and its authorized dealerships. Plaintiff and Class members purchased their Class Vehicles from Kia's authorized dealers who, are themselves, agents of Kia. The dealerships, who purchased the Class Vehicles from Kia, were never intended to be the ultimate purchasers or lessees of the Class Vehicles. The intended beneficiaries are the ultimate purchasers or lessees of the Class Vehicles (i.e., Plaintiff and Class members). The authorized dealers would lose money if they held onto the Class Vehicles. The authorized dealers had no rights under the express warranty supplied with the Class Vehicles. The express warranty was designed for and intended to benefit Plaintiff and Class members and did not start until the Class Vehicles were delivered to them. Accordingly, as the intended third-party beneficiaries, Plaintiff and Class members are entitled to maintain this implied warranty claim against Kia.

42.     Kia's breach of the implied warranty of merchantability directly and proximately caused Plaintiff and Class members to suffer economic losses including, but not limited to, damages at the point of sale in terms of the difference between the value of the defective product as promised and the value of the product as delivered, and also paying for defective products and entering into transactions they would not have entered into but for Kia's acts, as well as costs to repair the Rear Seat Belt Inaccessibility Defect.

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

**CLASS ACTION COMPLAINT**

43.    Based on the facts alleged herein, any limitations in duration and/or remedies related to the implied warranty claim are unconscionable, unenforceable, and/or should be tolled.

44.    Plaintiff and Class members are entitled to legal, injunctive and equitable relief against Defendants, including damages, injunctive relief (such as a recall, replacement and restitution), attorneys' fees, costs and/or other relief as appropriate.

45.    WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
## FOR BREACH OF EXPRESS WARRANTY
## CAL. CIV. CODE §§ 1791.2 & 1793.2
## (ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS MEMBERS
## AGAINST DEFENDANTS)

46.    Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

47.    This claim under the Song-Beverly Consumer Warranty Act ("SBCWA") for breach of express warranty is brought by Plaintiff on behalf of himself and Class members who purchased or leased the Class Vehicles in California (the "California Class Members).

48.    Plaintiff and California Class Members are "buyers" within the meaning of the SBCWA. *See* Cal. Civ. Code § 1791(b).

49.    The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

50.    Toyota is a "manufacturer," "distributor," and "retail seller" within the meaning of the SBCWA.

51.    Plaintiff and California Class Members bought or leased Class Vehicles manufactured, distributed and sold by Kia. The sale or lease of the Class Vehicles were accompanied by an express warranty from Kia within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2. The Seat Belt Inaccessibility Defect in the Kia Souls existed at the time of sale or lease. The defect substantially impairs the use and value of the Class Vehicles

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-11-
**CLASS ACTION COMPLAINT**

and jeopardizes the safety of passengers in the Class Vehicles. Despite notice of this defect, Kia has denied and continues to deny coverage of the damages caused by defect within its express warranty.

52.     Pursuant to Cal. Civ. Code §§ 1793.2 and 1794, Plaintiff and California Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of or a buyback of their Class Vehicles, or the overpayment or diminution in value of their Class Vehicles.

53.     Pursuant to Cal. Civ. Code § 1794, Plaintiff and California Class Members are also entitled to costs and reasonable attorneys' fees.

54.     WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE SBCWA FOR BREACH OF THE IMPLIED

## WARRANTY OF MERCHANTABILITY

## CAL. CIV. CODE §§ 1791.1 & 1792

## (ON BEHALF OF PLAINTIFFS AND THE CALIFORNIA CLASS

## MEMBERS AGAINST DEFENDANTS)

55.     Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

56.     This claim under the SBCWA for breach of the implied warranty of merchantability is brought by Plaintiff on behalf of himself and the California Class Members.

57.     Plaintiff and California Class Members are "buyers" within the meaning of the SBCWA. *See* Cal. Civ. Code § 1791(b).

58.     The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

59.     Kia impliedly warranted to Plaintiff and California Class Members that its Class Vehicles are "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792. Section 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-12-

CLASS ACTION COMPLAINT

"(1) Pass without objection in the trade under the contract description. (2) Are fit for the ordinary purposes for which such goods are used. (3) Are adequately contained, packaged, and labeled. (4) Conform to the promises or affirmations of fact made on the container or label."

60.     The Class Vehicles are unmerchantable and unfit for their ordinary purposes because they contain the Rear Seat Belt Inaccessibility Defect which creates a substantial risk of serious injury for passengers riding in the Class Vehicles.

61.     Toyota breached the implied warranty of merchantability by manufacturing, distributing and selling the Class Vehicles with the Rear Seat Belt Inaccessibility Defect. The defect has caused Plaintiff and California Class Members to not receive the benefit of their bargain and have caused their Class Vehicles to depreciate in value. In addition, Plaintiff and California Class Members have been damaged by incurring out-of-pocket expenses and loss of use of their Class Vehicles.

62.     Pursuant to Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiffs and California Class Members are entitled to damages and other legal and equitable relief, including, at their election, the purchase price of or a buyback of their Class Vehicles, or the overpayment or diminution in value of their Class Vehicles. Pursuant to Cal. Civ. Code § 1794, Plaintiff and California Class Members are also entitled to costs and reasonable attorneys' fees.

63.     WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT
## CAL. CIV. CODE §§ 1750, *ET SEQ.*
## (ON BEHALF OF PLAINTIFF AND THE CLASS AGAINST DEFENDANTS)

64.     Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

65.     This claim is brought by Plaintiffs on behalf of himself and the Class under the Consumers Legal Remedies Act (the "CLRA").

The Veen Firm, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-13-
CLASS ACTION COMPLAINT

66.     The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer …" Cal. Civ. Code § 1770.

67.     Kia is a "person" as defined by Cal. Civ. Code § 1761(c).

68.     The Class Vehicles are "goods" as defined by Cal. Civ. Code § 1761(a).

69.     Plaintiff and Class members are "consumers" as defined by Cal. Civ. Code § 1761(d).

70.     As alleged in detail above, Kia omitted and concealed the Rear Seat Belt Inaccessibility Defect and its consequences from Plaintiff and Class members. Kia also made false and misleading statements about the capabilities, functionalities and safety of the Class Vehicles.

71.     In relying on those material omissions and misrepresentations when purchasing or leasing the Class Vehicles, Plaintiff and Class members were deceived and have been damaged. Had Kia been truthful, Plaintiff and Class members would not have purchased or leased the Class Vehicles or would have paid less for the vehicles.

72.     Kia's conduct, as hereinabove described, is in violation of Cal. Civ. Code §1770 on the following grounds:

      a.     (a)(2): misrepresenting the source, sponsorship, approval or certification of goods or services;

      b.     (a)(5): representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

      c.     (a)(7): representing that goods are of a particular standard, quality, or grade, if they are another;

      d.     (a)(9): advertising goods with the intent not to sell them as advertised; and

      e.     (a)(16): representing that goods have been supplied in accordance

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-14-

CLASS ACTION COMPLAINT

1    with a previous representation when they have not.

2      73.    Kia knew—before the distribution and sale of the Class Vehicles—that the

3    vehicles contained the Rear Seat Belt Inaccessibility Defect. Kia had a duty to disclose the

4    defect because it had exclusive knowledge of the defect prior to making sales and leases

5    of the Class Vehicles and because it made misrepresentations about the capabilities,

6    functionalities, and safety of the Class Vehicles. In addition, Kia was under a duty to

7    disclose because:

8          a.    Kia was in a superior position to know the true state of facts about

9                the Rear Seat Belt Inaccessibility Defect—a defect that can pose a

10               safety risk; and

11         b.    Plaintiff and Class members did not know, nor could they reasonably

12               have been expected to learn or discover the Class Vehicles have a

13               defect that affects operability and creates safety concerns until after

14               purchase or lease of the Class Vehicles; and

15         c.    Kia concealed the true nature of the design or manufacturing defect

16               that exists in the Kia Souls, as well as the costs associated with

17               remedying the problem, to induce Plaintiff and Class members to act

18               thereon.

19     74.    The facts concealed or not disclosed by Kia to Plaintiff and Class members

20    are material in that a reasonable consumer would have considered them to be important

21    in deciding whether to purchase or lease the Class Vehicles or pay a lesser price. Had

22    Plaintiff and Class members known about the Rear Seat Belt Inaccessibility Defect, they

23    would not have purchased or leased the Class Vehicles, or they would have paid less.

24     75.    As a direct and proximate result of Kia's unfair and deceptive acts or

25    practices, Plaintiff and Class members have been harmed. Under Cal. Civ. Code § 1780(a),

26    Plaintiff and Class members seek an order enjoining Kia from further engaging in the

27    unfair and deceptive acts and practices alleged herein, and restitutionary relief to remedy

28    Toyota's violations of the CLRA as alleged herein. On April 22, 2021, Plaintiff notified

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-15-

CLASS ACTION COMPLAINT

1   Kia of the damages resulting from the Rear Seat Belt Inaccessibility Defect in his Class

2   Vehicle in satisfaction of Cal. Civ. Code § 1782. If Kia does not rectify the defect on a

3   class basis, Plaintiff will amend this complaint to add a claim for damages.

4       76.     Under Cal. Civ. Code § 1780(b), Plaintiff seeks an additional award against

5   Kia of up to $5,000 for each member of the Class who qualifies as a "senior citizen" or

6   "disabled person" under the CLRA. Kia knew or should have known that its conduct was

7   directed to one or more members of the Class who are senior citizens or disabled persons.

8   Kia's conduct caused one or more of these senior citizens or disabled persons to suffer a

9   substantial loss of property set aside for retirement or for personal or family care and

10  maintenance, or assets essential to the health or welfare of the senior citizen or disabled

11  person. One or more members of the Class, who are senior citizens or disabled persons,

12  are substantially more vulnerable to Kia's conduct because of age, poor health or infirmity,

13  impaired understanding, restricted mobility, or disability, and each of them suffered

14  substantial physical, emotional, or economic damage resulting from Kia's conduct.

15  Pursuant to Cal. Civ. Code § 3345, Plaintiff seeks an award of trebled damages on behalf

16  of all senior citizens and disabled persons comprising the California Class as a result of

17  Kia's conduct alleged herein.

18      77.     Pursuant to Section 1780(a)(4), Plaintiff also seeks punitive damages against

19  Kia because it carried out reprehensible conduct with willful and conscious disregard of

20  the rights and safety of others, subjecting Plaintiff and Class members to potential cruel

21  and unjust hardship as a result. *See* Cal. Civ. Code § 1780(a)(4). Kia intentionally and

22  willfully deceived Plaintiff and Class members, and concealed material facts that only it

23  knew. Kia's unlawful conduct likewise constitutes malice, oppression, and fraud

24  warranting exemplary damages under Cal. Civ. Code § 3294.

25      78.     Plaintiff further seeks an order awarding costs of court and attorneys' fees

26  under Cal. Civ. Code § 1780(e), and any other just and proper relief available under the

27  CLRA.

28  ///

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-16-

**CLASS ACTION COMPLAINT**

79.     WHEREFORE, Plaintiff prays for relief as set forth below.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE FALSE ADVERTISING LAW ("FAL")**

**CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.***

**(ON BEHALF OF PLAINTIFF AND THE CLASS AGAINST**

**DEFENDANTS)**

80.     Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

81.     Plaintiff brings this cause of action individually and on behalf of the Class against Defendants.

82.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

83.     Kia committed acts of false advertising, as defined by the FAL, by using false and misleading advertising statements to promote the sale and lease of the Class Vehicles. Defendants knew or should have known that Plaintiff and Class members reasonably expected that their Kia Souls would have an accessible seatbelt for the right rear passenger when only the driver's side of the 60/40 rear bench seat was folded down. This is the reasonable and objective consumer expectation. Kia knew that the Kia Souls were defectively designed or manufactured and not suitable for their intended and/or expected use. Notwithstanding that knowledge, Kia has continued to sell and lease Kia Souls without any change in the design or installation of the rear seat or its seat belts. Defendant has also continued to sell and lease Kia Souls without disclosing to the public that the right rear seat belt is not accessible when the driver's side of the rear seat is folded down. Defendant continues to market the Kia Soul as "a marvel of adaptability."

///

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-17-

**CLASS ACTION COMPLAINT**

84.     Kia knew or should have known, through the exercise of reasonable care, that its representations were false and misleading and likely to deceive Plaintiff and Class members into purchasing the Class Vehicles.

85.     As a direct and proximate result of these false and misleading advertising statements, Plaintiff and Class members have suffered injury by purchasing the Class Vehicles. Had Kia been truthful and adequately warned about the Rear Seat Belt Inaccessibility Defect, Plaintiff and Class members would have been better informed and been in a better position to determine whether to purchase or lease the vehicle or how much to pay for it. But by misrepresenting the benefits, capabilities, functionality and safety of the Class Vehicles, and misleading consumers, Kia deprived Plaintiff and Class members from making an informed decision.

86.     Plaintiff brings this cause of action pursuant to Cal. Bus. & Prof. Code § 17535 for injunctive relief to enjoin the deceptive practices described herein, to require Defendants to issue adequate warnings to consumers, and to restore to Plaintiff and Class members the money they paid for the Class Vehicles. Plaintiff and the Class members are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of the monies paid by Plaintiff and Class members to Defendants as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, Cal. Civ. Proc. Code § 1021.5.

87.     WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*
## (ON BEHALF OF PLAINTIFFS AND THE CLASS AGAINST DEFENDANTS)

88.     Plaintiff incorporates the paragraphs alleged above as if fully set forth herein.

89.     This claim is brought by Plaintiff and on behalf of the Class for violations of

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-18-
CLASS ACTION COMPLAINT

1 | the Unfair Competition Law (the "UCL").

2 | 90. The UCL broadly prohibits acts of "unfair competition," including any

3 | "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or

4 | misleading advertising." Cal. Bus. & Prof. Code § 17200.

5 | 91. A business act or practice is "unfair" under the UCL if the reasons,

6 | justifications and motives of the alleged wrongdoer are outweighed by the gravity of the

7 | harm to the alleged victims. Kia has engaged in "unfair" business practices and/or acts by

8 | failing to disclose the Rear Seat Belt Inaccessibility Defect to Plaintiff and Class members;

9 | by refusing to provide warranty coverage for the defect; and by misleading consumers

10 | about the capabilities, functionalities and safety of the Class Vehicles. The acts and

11 | practices alleged herein are "unfair" because they caused Plaintiff and Class members, and

12 | reasonable consumers like them, to believe that Kia was offering something of value that

13 | did not, in fact, exist. Kia intended for Plaintiffs and Class members to rely on its

14 | omissions and misleading statements. As a result, purchasers and lessees, including

15 | Plaintiff, reasonably perceived that they were receiving Class Vehicles with certain

16 | benefits. This perception induced reasonable purchasers to purchase or lease the Class

17 | Vehicles which they would not otherwise have done had they known the truth. As alleged

18 | above, the gravity of the harm to Class members resulting from these unfair acts and

19 | practices outweighs any conceivable reasons, justifications and/or motives of Kia for

20 | engaging in such deceptive acts and practices. By committing the acts and practices alleged

21 | above, Kia engaged in "unfair" business practices within the meaning of the UCL.

22 | 92. A business act or practice is also "fraudulent" under the UCL if it is likely to

23 | deceive members of the consuming public. Kia engaged in a uniform course of conduct

24 | which was intended to, and did in fact, deceive Plaintiff and Class members into buying

25 | or leasing the Class Vehicles. Toyota's course of conduct and misleading representations

26 | were fraudulent within the meaning of the UCL because they deceived Plaintiffs, and were

27 | likely to deceive Class members, into believing they were receiving benefits that did not,

28 | in fact, exist.

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-19-

CLASS ACTION COMPLAINT

93. A business act or practice is also "unlawful" under the UCL if it violates any other law or regulation. As alleged above, Kia has violated the Commerical Code, SBWCA, CLRA, and FAL, and other laws as set forth herein.

94. Through its fraudulent, unfair, and unlawful acts and practices, Kia has improperly obtained money from Plaintiff and Class members. Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Kia relating to the Rear Seat Belt Inaccessibility Defect and from violating the UCL in the future by selling Class Vehicles with the defect. Plaintiff also seeks to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, require notice of the defect be provided to Class members, and all other relief allowed under Cal. Bus. & Prof. Code § 17200 including, but not limited to, restitution and attorneys' fees and cost under Cal. Civ. Proc. Code § 1021.5.

95. WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

96. Plaintiff seeks judgment in favor of himself and the proposed Class for the following:

    a. an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

    b. injunctive and declaratory relief as pleaded or as the Court may deem proper;

    c. an award of damages and restitution in favor of Plaintiff and the Class;

    d. interest as allowable by law;

    e. an award of reasonable attorneys' fees as provided by applicable law;

    f. all costs of suit; and

    g. such other and further relief as this Court deems just and proper.

///
///
///

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-20-
CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff respectfully demands a jury trial for all claims so triable

3        DATED:  April 27, 2021                    THE VEEN FIRM, P.C.

4

5

6                                                    By:      /s/Steven A. Kronenberg

7                                                          Anthony L. Label
                                                           Steven A. Kronenberg
8                                                          Jacqueline K Oh
                                                           Attorneys for Pla.intiff and the
9                                                          Putative Class

10     DATED:  April 27, 2021                    BISNAR | CHASE LLP

11

12

13                                                   By:      /s/Jerusalem F. Beligan
                                                           Brian D. Chase
14                                                         Jerusalem F. Beligan
                                                           Attorneys for Plaintiff and the Putative
15                                                         Class

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Veen Firm, P.C.**
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-21-

**CLASS ACTION COMPLAINT**